## ANDREWS & A. *v.* TODD.

A deed to W., from all the heirs-at-law of A. except W., contained the following exception: " Reserving about three fourths of an acre of land, in and about the graveyard on said premises, as now staked out, to be kept as a graveyard lot for the heirs," &c. W. conveyed the premises to one B., and B. conveyed them to the defendant, each subsequent deed containing the same clause. No graveyard was ever literally staked out on the premises. *Held*, that if there were no monuments on the ground to answer the description, " as now staked out," in the deed, so that the

land which the parties intended to except could not be found or located without resorting to a parol agreement contemporaneous with the deed for the purpose of creating a monument which had no existence before, the exception must fail, as to all but the graveyard then on the premises, for want of description ; and that parol evidence of such agreement made upon the land was inadmissible for that purpose.

At the date of the first deed there was a graveyard on the farm, about four rods square, inclosed by stone posts and chains :—*Held,* that the three-fourths acre could not be located in a square form about the small graveyard, because the words " as now staked out" constitute a material part of the description, which the court cannot reject.

TRESPASS *qu. cl.,* by Joseph M. Andrews against James P. Todd. Plea, soil and freehold.   The premises were part of a farm of one Issachar Andrews, who died in 1863 ; plaintiffs are all of his children and heirs.   After his death, January 8, 1863, all the plaintiffs except William conveyed their interest in the farm to William, by a deed containing the following clause :  "Also reserving about three fourths of an acre of land in and about the graveyard on said premises, as now staked out, to be kept for a graveyard lot for the heirs, with the right to improve said ground as the said heirs may wish, by cutting trees and bushes, &c., with a right of way to said lot, the said heirs keeping up two gates."   William conveyed the farm to one Bartlett, and Bartlett conveyed to defendant, each deed containing the foregoing clause.   At the date of the first deed there was a graveyard on the farm, about four rods square, enclosed by stone posts and chains, in which plaintiffs' father was buried ; and there has not been any other graveyard on the farm.   Under the reservation in the deed, plaintiffs claim title to an oblong lot containing one acre and one and three fifths rods, within which the square lot is included.   The acts of defendant complained of were committed on the oblong lot, at a point several rods distant from the square lot ; and if the square lot be taken as the centre of three fourths of an acre, either in a square form or in the form of the oblong lot, said point would be outside of said three fourths of an acre.   There has not been on said farm any graveyard literally " staked out."

Subject to defendant's objection, plaintiffs proved, by parol evidence, the following facts :  Before the execution of the first deed, and as part of that transaction, Mr. Goodhue, the husband of one of the plaintiffs, and all the plaintiffs except Mrs. Goodhue and another sister, went upon the farm and agreed upon the bounds of the graveyard to be reserved in the deed.   They went to a pine tree, and agreed that it should be the north-west corner ;  that a straight piece of a certain stone wall should be the south line, and that a straight piece of another stone wall should be the east line, and that the corner of those two walls should be the south-east corner.   One of the plaintiffs laid a stake against the first wall, and they agreed that the south-west corner should be where the stake was, and that the west line should be

a straight line from the pine tree to the south-west corner, and that the north should be a line running easterly from the pine tree to the second wall parallel with the first wall. They made this agreement upon the lot, the bounds of which were thus agreed upon ; and, at the time, they went across it in view of the bounds agreed upon, and they went around near all the bounds agreed upon. The lot thus agreed upon is the oblong lot, the length being from east to west, and width from north to south ; and the acts of defendant complained of were committed at the east end, and the square lot is nearer the west end than the east end of it. The scrivener who wrote the first deed was informed that there was no lot literally " staked out;" and he replied that it could be as well staked out afterwards, and that the reservation in the deed would reserve the oblong lot according to their agreement ; and the deed was executed in reliance upon his opinion. If plaintiffs are entitled to recover, they are to have judgment for nominal damages ; otherwise judgment is to be rendered for defendant, the object of this suit being to ascertain whether plaintiffs have title to anything more than the square lot, and if they have, whether they have title to the oblong lot, or to three quarters of an acre of which the square lot is the middle. Plans are part of this case.

*David Cross*, for the plaintiffs.

The main point is, What are the limits of the graveyard lot ? It can not be contended that the four square rods enclosed by stone posts and chains is the lot. It reserves about three fourths of an acre in and about the graveyard on said premises. The words *in* and *about* clearly show that there was more land than was *in* the graveyard as enclosed, and then the quantity is about three fourths of an acre, or 120 rods. The reservation is, of a lot as now staked out. The lot was not staked out. Stakes were never put down, unless it be that the stake placed against the wall at the south-west corner may be considered as one. As the description does not give further bounds now existing, we may look to the acts of the parties to see if they have agreed to, or established, any limits. The acts of the parties may be introduced to show by parol their construction of the grant. *Stone* v. *Clark*, 1 Metcalf 378. The acts of all the parties, at the very time when the deed was made, show that they went upon the land and agreed to distinct corner bounds and side lines. The lines and bounds of land may be established by parol, and are conclusive upon the parties and those claiming under them. *Orr* v. *Hadley*, 36 N. H. 578, and cases cited ; *Dudley* v. *Elkins*, 39 N. H. 84, and cases cited.

*Morrison & Stanley*, for the defendant.

It is a well established principle of law in the interpretation of deeds of conveyance that they shall be construed most strongly against the grantor and in favor of the grantee on all doubtful points in such deeds. *Canning* v. *Pinkham*, 1 N. H. 353 ; *Bullen* v. *Runnels*, 2 N. H. 258 ;

*Tenny* v. *Beard*, 5 N. H. 58. The grantor shall not take advantage of a fault which he himself has created. Washburn on Real Property, vol. 2, p. 669. If the description in a deed be so uncertain that it can not be known what estate was intended, the conveyance is void. *Worthington* v. *Hylyer*, 4 Mass. 196. Exceptions are void for uncertainty. *Darling* v. *Crowell*, 6 N. H. 421.

LADD, J. The piece of land which the parties intended to except in the deed from the other heirs to William Andrews is not described by metes and bounds. It nevertheless appears from the description to be a definite lot, containing about three fourths of an acre, marked out at the time of the deed by monuments on the ground, the words being " about three fourths of an acre of land in and about the graveyard on said premises, as now staked out ; " and this makes a sufficient description. If a dispute arise between the parties as to what exact piece of land is covered by this description, it is for the jury to define its limits upon such evidence of the location of the stakes at the time of the execution of the deed as may be laid before them. The construction of a deed is matter of law for the court, and its legal effect is only deducible from its terms according to the intent at the time of making it. The application of the description contained in it to the ground is matter of fact for the jury. And what constitutes the boundaries of a piece of land to answer the calls of a deed may be proved to the jury by any kind of evidence which is competent to prove any fact.

No words of description can be added to the deed ; and if the parties have described the premises which it was their intention to except in such a way that it is impossible to apply the description in the deed to the ground without trenching upon the rule which excludes parol evidence to enlarge or vary the terms of a deed, then the exception must fail, not because of any defect apparent on the face of the deed, but because no monuments existed in fact to answer the description.

In view of these elementary propositions, it would seem difficult to give full effect to this exception in any other way but by proving to the jury that some piece of land was " staked out " at the time of the deed, and what its boundaries were.

Was the parol evidence offered competent for that purpose ? It appears that, at the time, the parties went upon the land and agreed upon the boundaries of the lot to be reserved as a cemetery. One stake was leaned against a stone wall, and it was agreed that the south-west corner should be where the stake was.

So far as that corner is concerned, there is no difficulty in holding that its location can be fixed by parol evidence ; and so far the literal call in the deed could be answered.

No stakes were set at the other three corners ; but their location was agreed upon, namely, a pine tree, the corner formed by the meeting of two walls, and a point in a wall to be ascertained by measurement. It is quite elementary that such meaning is to be given to words and expressions in a deed as may carry into effect the intention of the parties, and that the court will, so far as possible, put itself in the

position of the parties, and, in judging of their intention, consider the facts and circumstances attending the transaction.

Applying these principles, it might be held that the parties adopted the pine tree and the corner of the wall as monuments, and misdescribed them in the deed, calling the lot "staked out," when they meant *marked* out on the ground by these different monuments which they had adopted,—although the case shows this was not so in fact, as they acted on the advice of the scrivener, who told them it could be as well staked out afterwards, and that the reservation in the deed would reserve the oblong lot according their agreement.

But as to the fourth corner, there was no monument to be adopted and described as a stake or otherwise ; nothing that by any stretch of construction could answer the call "now staked out." They agreed that it should be at a point in the wall far enough from the corner to make the piece all the way of a width. Its location rested wholly and solely on a parol agreement, the terms of which are not referred to in the deed.

To hold that the necessary measurement may now be made to meet this agreement of the parties, and that the corners may now be located according to the agreement when no such method of marking out the land can be inferred from the description in the deed, would seem to be wholly inadmissible.

It would, in effect, be wholly remodelling and reforming the deed upon parol evidence of what the parties intended to reserve ; which can only be done, if at all, in a proper proceeding in equity brought for that purpose.

The parties here went upon the land, and agreed upon the bounds of the graveyard to be reserved in the deed, and agreed specially where each of the four corners should be. They should have described in the deed the monuments upon which they thus agreed. But instead of that, the description is a piece of land " as now staked out." There would probably be no difficulty in holding that these words amount to substantially the same thing as would the words " agreed upon," so that the description might be regarded the same as though it read " about three fourths of an acre of land in and about the graveyard on said premises, *as by the boundaries this day agreed upon between the grantors and grantee.*" But would this help the matter ? We think not. We should then be called upon to hold that parol evidence of a parol agreement fixing the lines could be received in order to give effect to the exception, and that would be allowing a most material part of the deed to be supplied wholly by parol.

No evidence was offered of any act of the parties subsequent to the deed tending to show a practical construction of it by them, so that the authorities referred to by plaintiff's counsel in his brief, and the great multitude of authorities not cited, to the effect that acts of the parties may be shown to give location to lines not well described in the deed, are not in point.

If the parties to the deed had together gone upon the land and erected stakes to answer the call in the deed, " staked out," or marked out

in any way by visible monuments the plot intended to be excepted, that would probably have amounted to a practical construction of the description by which they and their grantees would be bound. But nothing of the kind appears to have been done, and we are unable to see how a court of law can do for them what they failed to do for themselves.

Can effect be given to the exception in any other way ?

In some cases courts will give effect to an imperfect description in a deed by locating the land in some mathematical form ; for example, where the grant was of seventy acres out of a particular corner of a larger lot, the grant was held to be of seventy acres in rectangular form out of that corner.

In this case, if the exception had been of three fourths of an acre in and about the graveyard now on the farm, and there stopped, the difficulty might perhaps be solved by laying out three fourths of an acre about the piece inclosed with posts and chains in the same form as that piece. But the deed shows that the piece excepted was to be " as now staked out." That might have been in the form of a square, or any other form. The parol evidence offered shows that the parties intended an " oblong lot." The words " as now staked out " cannot be rejected, because they form a material part of the description, and the court cannot see, as matter of legal construction, that they are insensible or repugnant to any other part of the description.

To make a location in the form of a square would be giving effect to the words " in and about the graveyard on said premises," and wholly ignoring the vital qualifying term " as now staked out." This cannot be done without forcing upon the parties a contract never contemplated by either of them, and at the same time doing violence to the familiar rule that repugnant matter can only be rejected where there is a full and intelligible contract left to operate after the repugnant matter is excluded.

As to the graveyard four rods square, inclosed by stone posts and chains, it seems sufficiently plain, without resorting to extrinsic evidence, that this piece comes within the exception.

The plaintiffs will probably examine the question whether the facts which they sought to prove in support of this action may not be sufficient to entitle them to have the deed reformed in equity. But however that may be, it must be held that the evidence offered is not competent to show a title upon which they can recover in this action, and there must be

*Judgment for the defendant.*